IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH WINSTON ASHFORD,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CIVIL ACTION NO. 1:04-CV- 642 |
| v. | : | |
| | : | (Judge Kane) |
| | : | |
| **OFFICERS BRUCE BARTZ,** | : | |
| **SCOTT DOELLINGER, JACOB** | : | |
| **CLEVENGER, RICK EISENHART,** | : | |
| **AND JOHN DOES,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Joint Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37(d). (Doc. No. 43-3.) Plaintiff, through his attorney, has filed an Answer to Defendants' Joint Motion to Dismiss (Doc. No. 47). Plaintiff, individually, has filed a Request for Effective Attorney and Return of Funds (Doc. No. 46).

**I.   Background**

On March 28, 2002, Defendants arrested Plaintiff for burglary and breaking and entering a business. On March 3, 2004, Plaintiff filed a pro se Complaint alleging that Defendants assaulted him and used excessive force during the arrest. (Doc. No. 1.) Defendant Doellinger filed a Motion to Dismiss on June 2, 2004 (Doc. No. 18), to which Plaintiff failed to timely respond. On July 30, 2004, the Court ordered Plaintiff to respond to Doellinger's Motion to Dismiss within twenty days. (Doc. No. 22.) On August 31, 2004, Plaintiff had not responded to the Motion to Dismiss, and this Court ordered Plaintiff to show cause why the motion should not be deemed unopposed. (Doc. No. 23.) Plaintiff retained Attorney James Harris and responded to

the Show Cause Order on September 7, 2004. (Doc. No. 24.) Plaintiff also filed contemporaneously a Motion for Extension of Time to File a Response to the Motion to Dismiss. (Doc. No. 24.) By Order dated September 9, 2004, the Court granted Plaintiff's Motion for Extension of Time. (Doc. No. 27.) The same day, Plaintiff filed a response to Doellinger's Motion to Dismiss. (Doc. No. 25.) By Order dated December 2, 2004, the Court denied Defendant Doellinger's Motion to Dismiss. (Doc. No. 30.)

On July 6, 2005, the Court issued a Standard Case Management Track Order. (Doc. No. 34.) The Case Management Order set a discovery deadline of December 1, 2005, and a trial date of June 5, 2006. (Id.) Counsel for both parties agreed that defense counsel could depose Plaintiff on July 28, 2005. However, Attorney Harris canceled this deposition because of a family emergency. With Court approval, counsel for the parties rescheduled Plaintiff's deposition to November 22, 2005. However, without advance notice, Attorney Harris failed to attend the second scheduled deposition. Attorney Harris asserts that he attempted to attend the deposition, but that he could not find the prison where his client was located. (Doc. No. 48.)

Defendants now move this Court to dismiss Plaintiff's Complaint based on plaintiff counsel's failure to take an adequately active role in the litigation.[1] (Doc. No. 43-2.) On December 20, 2005, Plaintiff filed an Answer to Defendants' Motion to Dismiss (Doc. No. 48), but no brief in opposition. Additionally, on December 9, 2005, Plaintiff filed a pro se motion for

---

[1] On December 5, 2005, Defendants Officer Jacob Clevenger and Officer Rick Eisenhart filed a motion to dismiss the Complaint pursuant to federal Rule of Civil Procedure 37(d). (Doc. No. 40.) On December 8, 2005, Defendants Clevenger and Eisenhart filed a Motion to withdraw their Motion to Dismiss and substitute it with Joint Motion to Dismiss on Behalf of All Defendants. (Doc. No. 43.) Since Plaintiff filed no brief in opposition, the motion will be granted as unopposed.

an Effective Attorney and Return of Funds.  (Doc. No. 46.)

**II.     Discussion**

      **A.     Defendant's Joint Motion to Dismiss**

Defendants seek dismissal of the civil action sub judice due to plaintiff counsel's repeated failure to attend his client's scheduled depositions.  Federal Rule of Civil Procedure 37(d) provides that:

> If a party . . . fails [] to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . .  In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. Proc. 37(d).  Subparagraph (C) of Federal Rule 37(b)(2) allows a court to sanction an infringing party by "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party".  Fed. R. Civ. Proc. 37(b)(2)(C).  When determining whether to dismiss a claim under Federal Rule of Civil Procedure 37(d) for failure to comply with discovery, the Court must balance the following six factors:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)(emphasis in original).

Every factor need not be satisfied, rather the factors must be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is justly merited." Poulis, 747 F.2d at 870; Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

Although Defendants have suffered added costs and delay as a result of plaintiff counsel's dilatoriness, the balance of factors weigh against dismissal. Plaintiff had no personal responsibility for the missed depositions. The record reflects that Plaintiff was present at each deposition, and the only reason the depositions did not proceed was plaintiff counsel's failure to appear. Additionally, the Court cannot say that Plaintiff has a history of dilatoriness. Although Defendants assert that Plaintiff was delayed in his response to the interrogatories, the record does not reflect a history of dilatoriness sufficient to warrant the extreme sanction of dismissal.[2] Similarly, although the Court is troubled by plaintiff counsel's inability to locate SCI Graterford – where his own client was incarcerated – the record does not support a finding that this failure was wilful or evidence of bad faith. Avenues other than dismissal, such as extending fact discovery, or imposing monetary sanctions, can remedy the prejudice to Defendants caused by plaintiff counsel's failure to attend the November 2005 deposition. Accordingly, dismissal is not appropriate at this time.

In the alternative, Defendants seek to extend discovery in order to depose Plaintiff, and the imposition of monetary sanctions against Plaintiff's counsel. Defendants seek reimbursement of attorneys fees and costs for preparation and attendance of the second scheduled

---

[2] Plaintiff's counsel asserts that his responses to interrogatories were timely. (Doc. No. 47-1 at 1.) Defendants have provided correspondence between their counsel and plaintiff counsel that would tend to support Defendants' version of the events. (Doc. No. 43-3 at 8.)

deposition.[3]  Although the Court will extend fact discovery so as to allow Defendants an opportunity to depose Plaintiff, the Court is not convinced that an award of monetary sanctions is appropriate at this time.  Plaintiff counsel's failure to attend the November 2005 deposition was not wilful or done in bad faith.  Rather, the record supports a finding that the failure was inadvertent.  Moreover, the November 2005 deposition represents the first time plaintiff counsel failed to attend a scheduled deposition without prior notice to defense counsel.  Accordingly, the Court will extend fact discovery for the purpose of allowing Defendants to depose Plaintiff, and order Plaintiff's counsel to present his client for deposition, but will not impose sanctions at this time.  Plaintiff counsel is admonished to adhere to the Court ordered deadlines or suffer sanctions.

### B.    Plaintiff's Pro Se Motion

Plaintiff has also filed a pro se "Request for an Effective Attorney and Return of Funds" wherein Plaintiff describes his dissatisfaction with Attorney Harris.  (Doc. No. 46.)  Plaintiff does not state that Attorney Harris no longer represents him in this action, but rather seeks appointment of "effective" counsel and an order from this Court directing Attorney Harris to return $5,000 in paid fees.  (Id.)  Plaintiff's dissatisfaction with Attorney Harris's performance is a private employment matter unrelated to the above-captioned case.  Any claim Plaintiff may have under his employment contract with Attorney Harris must be pursued through a separate action.  If Plaintiff wishes to terminate Attorney Harris's employment and change counsel in this civil action, Plaintiff may direct Harris to file a motion to withdraw after the close of fact

---

[3] Defendants do not indicate whether they seek monetary sanctions pursuant to Federal Rule of Civil Procedure 37(d) or Federal Rule of Civil Procedure 11.

discovery. However, even if Attorney Harris withdraws, the Court will not appoint new counsel to represent Plaintiff in this civil action. Plaintiff has no constitutional or statutory right to have counsel appointed in a civil action, <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002), and because of the limited resources of the Court, appointment of an attorney in a civil action is rare. <u>Tabron v. Grace</u>, 6 F.3d 147, 157 (3d Cir. 1993). Accordingly, Plaintiff's "Request for an Effective Attorney and Return of Funds" will be denied.

### III.   Order

**AND NOW** this 30th day of June, 2006, upon consideration of the Defendants' Joint Motion to Dismiss and Plaintiff's Answer to Defendants' Joint Motion to Dismiss, **IT IS HEREBY ORDERED THAT:**

1.  Defendants' Motion for leave to withdraw Motion to Dismiss and Substitute with Joint Motion to Dismiss On Behalf of All Defendants is **GRANTED**.  The Clerk of Court is directed to file the Joint Motion to Dismiss attached to the Motion as Exhibit A (Doc. No. 43) as of the date of this Order.

2.  Defendants' Joint Motion is **GRANTED** in part and **DENIED** in part.  Defendants' motion to dismiss the Complaint is **DENIED**.  Defendants' alternative request for the award of sanctions is **DENIED**.  Defendants' request to extend discovery is **GRANTED** for the sole purpose of allowing Defendants to depose Plaintiff.

3.  James W. Harris, Esq., is hereby ordered to present his client for deposition by July 31, 2006 and ensure his own presence at this deposition.

4.  The Case Management Order schedule is amended as follows:

    Close of Fact Discovery: **August 5, 2006**
    Reports of Experts:   **August 23, 2006**
    Response Reports to Expert Reports:   **September 6, 2006**
    Dispositive Motions and Supporting Briefs Due: **October 17, 2006**
    Local Rule 16.3 - Attorney Conference and
    Exchange of Proposed Jury Instructions: On or before: **January 3, 2007**
    Motions In Limine Due: **January 9, 2007**
    Pretrial Memoranda Due:   **January 17, 2007**
    Pretrial and Settlement Conference:   **January 25, 2007 @ 10:00 AM**
    Proposed Jury Instructions, Proposed Voir Dire
    Questions and Objections to Proposed Instructions: **February 1, 2007**
    Trial Brief Due: **February 1, 2007**
    Trial:   **FEBRUARY 6, 2007**

5.  Plaintiff's request for appointment of counsel is **DENIED**.

                                                                S/ Yvette Kane
                                                            Yvette Kane
                                                            United States District Judge