# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH WINSTON ASHFORD, | : | |
|     Plaintiff | : | Civil Action No. 1:04-cv-642 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| BRUCE BARTZ et al., | : | |
|     Defendants | : | |

## MEMORANDUM

In this action, Plaintiff Kenneth Winston Ashford alleges that Defendants[1] used excessive force when they arrested Ashford, causing him injuries to his face, nose, mouth, teeth, back, and leg. Before the Court is Defendants' motion for summary judgment. (Doc. No. 53.) For the reasons that follow, the motion will be denied.

### A. Factual Background

*The following facts are not in dispute for the purposes of summary judgment*:[2]

On March 28, 2002, Ashford and an associate went drinking and become intoxicated. SMF ¶¶ 2, 3. When Ashford entered the Red Rose Tavern through the side door, Ashford realized that the bar was empty and the lights were dimmed. SMF ¶ 5. Though he knew he was trespassing at that point, Ashford nonetheless decided to help himself to a few drinks at the

---

[1] Named as Defendants are Officers Bruce Bartz, Scott Doellinger, Jacob Clevenger, and Rick Eisenhart, as well as unnamed officers.

[2] Local Rule 56.1 provides that a motion for summary judgment must be accompanied by "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. Additionally, the rule demands that an opposing party "include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried." Id. A failure to file a counter-statement equates to an admission of all of the facts set forth in the movant's statement. Here, Ashford has not submitted a counter-statement; Defendants' statement is therefore deemed admitted.

Tavern, SMF ¶ 6, and took money from the register.  He then sat down at one of the tables, and passed out.  It is further undisputed that when he awoke, he was arrested for burglary after breaking and entering businesses with the intent to commit crimes therein.  SMF ¶ 1.  He later pleaded guilty to the offense.  SMF ¶ 11.

Ashford alleges that in the course of his arrest, Defendants kicked him in the face and banged his head into the floor.  Ashford further alleges that when he was taken into custody and placed in a holding cell, Officer Bartz tried to "push something into [Ashford's] chest."  Afterward, Ashford was taken to the York County Prison where a nurse attended to Ashford's injuries.  Attached to his complaint, Ashford also submits medical records indicating that he was treated for injuries to the face, but that he ultimately suffered no permanent injuries.  According to a police report, which was also attached as an exhibit to his complaint, Ashford "received a cut during his arrest."  (Doc. No. 1-3, at 14.)

### B.     Procedural Background

Ashford, acting pro se, filed this action against Defendants pursuant to 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*.  (Doc. No. 1.)  The Court granted Ashford's application and ordered service on Defendants.  (Doc. No. 4.)

Defendants Eisenhart and Clevenger filed an answer to the complaint with affirmative defenses (Doc. No. 8), and later Defendants Bartz and Doellinger filed separate answers with affirmative defenses (Doc. Nos. 16, 39).

At some point, a relative of Ashford retained James Harris to serve as counsel for Ashford in the case.  Though Harris never entered an appearance in the matter, he proceeded to

act as counsel, filing several documents on Ashford's behalf and providing Ashford with documents for signature.  (See, e.g., Doc. Nos. 26, 29.)

The Defendants then sought to dismiss Ashford's complaint on the grounds that Ashford's counsel failed to take an adequately active role in the litigation.  (Doc. No. 43.)  The Court denied the motion, holding that dismissal was not an appropriate remedy for Harris's multiple failings.  (Doc. No. 51.)

Defendants then filed the instant motion for summary judgment (Doc. No. 53), a brief in support (Doc. No. 54), and a statement of material facts (Doc. No. 55).  No brief in opposition was filed to the motion, and a few weeks later, Harris was disbarred from the Court.  In response to the disbarment of Harris, the Court provided Ashford with the opportunity to elect to proceed pro se in the matter or to attempt to find new counsel.  (Doc. Nos. 58, 61.)  Ashford elected to proceed pro se (Doc. No. 63), but then Ashford sought to stay proceedings while he attempted to locate new counsel (Doc. No. 65).

Ashford was ultimately unsuccessful in his attempts to obtain counsel to represent him, and after substantial delay, he submitted responses to Defendants' motion for summary judgment, (Doc. Nos. 79, 81), to which Defendants replied (Doc. Nos. 82, 83).[3]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[3] Ashford also filed a motion for summary judgment, in which he argues that "this matter is not ripe for summary judgement . . . and in the alternate . . . seeks an order granting him summary judgment for relief sought in his complaint for damages."  (Doc. No. 80, at 3.)  Because the Court finds that genuine issues of material facts exist, Ashford's motion will be denied.

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Public Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, it essentially becomes "'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate.  Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III.  DISCUSSION

In this case, Ashford claims that the Defendants used excessive force in arresting him, in violation of his Fourth and Fourteenth Amendment rights. To establish such a claim, a plaintiff must demonstrate that a "seizure" within the meaning of the Fourth Amendment occurred and that the seizure was "unreasonable." Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005). In this case, there is no question that a seizure occurred; the only issue therefore is whether that seizure was unreasonable.

The reasonableness of force used to effectuate an arrest is measured by the totality of the circumstances surrounding an arrest. Graham v. Connor, 490 U.S. 386, 394 (1989). Among the factors to be considered when evaluating the reasonableness of an arrest are "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1999). In all cases, the court's inquiry of reasonableness must focus only whether the actions taken "were 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent

or motivations." Kopec v. Tate, 361 F.3d 772, 776-77 (3d Cir. 2004) (quoting Graham, 490 U.S. at 397).

Defendants move for summary judgment on the grounds that Ashford "has developed no evidence to support a genuine issue as to a material fact" and because he "did not depose any witnesses, subpoena any records, or otherwise develop physical or testimonial evidence to support the bare accusations in his Complaint." (Doc. No. 53.) Furthermore, Defendants argue that "the Plaintiff has insufficient memory and insufficient knowledge to carry the burden of establishing not only that there is an issue as to a material fact, but that there is sufficient evidence for a reasonable jury to determine that Officers Clevenger and Eisenhart utilized more force than necessary to assist with his arrest for a crime that he admits he committed." (Doc. No. 54, at 8.) Defendants, however, fail to appreciate their burden on a motion for summary judgment.

In order to prevail on a motion for summary judgment, the *moving* party, not necessarily the plaintiff, has the burden to show that the *absence* of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). As the Supreme Court has held, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. Even if it were true that Ashford failed to come forward with affirmative evidence, it is not his burden. In other words, unless *Defendants* carry their burden to show the absence of a genuine issue of material

fact, a plaintiff does not need to take any discovery whatsoever in order to defeat summary judgment.

Here, Defendants have not carried their burden. They have not identified those portions of the pleadings, depositions, answers to interrogatories, admissions on file, or affidavits that show the absence of a material fact. The only proffer is Ashford's deposition (which, incidentally, they failed to attach to the motion for summary judgment) and Ashford's sworn affidavit. Their statement of facts does not speak to the totality of the circumstances surrounding Ashford's arrest nor do Defendants provide any evidence of record indicating that Ashford's description of the events is incorrect, even if his recollection of the events is clouded.

Even if Defendants had carried their burden, the Court finds that Ashford has proffered sufficient evidence that, if believed, creates a genuine issue of material fact. In particular, Ashford attached to his complaint affidavits, a police report, and, significantly, medical records that each support his allegations that Defendants used force to effectuate his arrest. In the affidavit, Ashford attests that Defendants kicked him in the head and caused him significant injuries without provocation. In the police report, there is evidence that Ashford suffered "a cut" during the arrest. Finally, in the medical records, there is evidence that Ashford was treated for injuries to the face and back in connection with his arrest. Taken together, the Court finds that a reasonable juror could conclude that an unprovoked attack constituted unreasonable force. Cf. Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (quoting Hudson v. McMillian, 503 U.S. 1, 10 (1992)) ("Punching and kicking someone who is handcuffed behind his back and under the control of at least six prison guards as he is being thrown into cabinets and walls is 'repugnant to

the conscience of mankind,' absent the extraordinary circumstances necessary to justify that kind of force.").

## IV.    CONCLUSION

The Court finds that genuine issues of material fact bar summary judgment. Accordingly, Defendants' motion will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH WINSTON ASHFORD,** | : | |
|     Plaintiff | : | Civil Action No. 1:04-cv-642 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **BRUCE BARTZ et al.,** | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, on this 17th day of September, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's and Defendants' motions for summary judgment (Doc. No. 53 & 80) are **DENIED**.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania